**Ranko PRIMORAC, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 98 Civ. 1882(CBM), SS 91 CR. 0402(CBM).**

United States District Court, S.D. New York.

Oct. 26, 1998.

Ranko Primorac, Phoenix, AZ, pro se.

### MEMORANDUM OPINION

MOTLEY, District Judge.

On February 28, 1998, Ranko Primorac moved under 28 U.S.C. § 2255 to vacate his conviction. *See* Pet'r § 2255 Mot. & Mem. at 25. Mr. Primorac claims ineffective assistance of counsel as well as judicial and prosecutorial misconduct in his criminal trial. *See id.* at 5. The motion is hereby denied on the ground that it is time-barred.

Mr. Primorac's inability to communicate in English is at the heart of most of his claims. A native Croatian speaker, Mr. Primorac alleges: that his trial interpreters communicated in Croatian ineffectively, *see* Primorac Decl. at 1; that his attorney rarely communicated with him, *see id.* at 2; that he was not allowed a meeting of all co-defendants and their lawyers, *see id.* at 3; and that he has not been able to communicate with others from prison, *see id.* at 6. Mr. Primorac also claims ineffective assistance of counsel more

---

generally, *see* Pet'r § 2255 Mot. & Mem. at 11–19, 22–24, and judicial error in not remedying the interpreter problem, *see id.* at 19–22.

A threshold problem for Mr. Primorac's motion is the statutory limitations period. As amended in 1996, 28 U.S.C. § 2255 provides that:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Primorac's May 15, 1982 conviction was affirmed on April 14, 1983. He filed the present motion with this court's Pro Se Office on February 26, 1998. Although his filings are not dated precisely, they indicate that they were written in 1998. *See, e.g.,* Pet'r § 2255 Mot. & Mem. at 25; Primorac Decl. at 9. Thus, Mr. Primorac wrote and filed the documents for his § 2255 motion more than fourteen years after direct review concluded.

Because of this limitations period problem, on April 22, 1998, this court ordered Mr. Primorac to show cause by affirmation why the statute of limitations should not bar his § 2255 motion. On June 8, 1998, this court extended Mr. Primorac's deadline by another 60 days to August 22, 1998. Both the April and June orders provided that "if [Mr. Primorac] fails to comply with this order within the time allowed, the instant motion shall be denied and the case shall be dismissed as time-barred."

As of October 26, 1998, over two months past the August 22, 1998 deadline, Mr. Primorac has failed to submit an affirmation. The April and June orders had indicated that absent any submission, this court would deny the motion and dismiss the case. Accordingly, Mr. Primorac's § 2255 motion is denied and this case is dismissed as time-barred.